# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVTAR SINGH, HARVINDER SINGH, and GURJEET KAUR, | CASE NO. CV-F-08-430 LJO SMS |
| Plaintiffs, | **ORDER ON PARTIES STIPULATION TO DISMISS** |
| vs. | |
| ROSEMARY MELVILLE, District Director, United States Citizenship and Immigration Services, et al., | |
| Defendants. / | |

In this immigration action, Plaintiffs are refugees who challenge the delay in the adjudication of their immigration petitions to adjust status to legal permanent resident, pursuant to 8 U.S.C. §1159(b). Plaintiffs and Defendant United States Citizenship and Immigration Service ("USCIS") filed a stipulation to dismiss this action on August 4, 2008. The parties base their stipulation to dismiss on the following grounds: (1) The lawsuit is moot as to Avtar Singh, because USCIS granted his application on May 6, 2008; and (2) USCIS will complete its adjudication of Harvinder Singh's and Gurjeet Kaur's applications by October 31, 2008. The parties stipulated to dismiss this action with the following caveat: "In the event U.S. CIS is unable to comply with the deadlines set forth in this stipulation, jurisdiction will revert to this Court for a status conference as soon as possible."

Dismissal is proper at to Avtar Singh. Avtar Singh's claim was rendered moot when USCIS adjudicated his application on May 6, 2008. *See Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1097 (9th Cir. 2008).

Dismissal is improper as to Harvinder Singh and Gurjeet Kaur. The parties cannot stipulate that this Court's jurisdiction "will revert to this Court for a status conference" in the event USCIS fails to adjudicate the applications by October 31, 2008. An order to dismiss an action, unlike a stay order, is a final decision which: "(1) is a full adjudication of the issues; and (2) clearly evidences the judge's intention that it be the court's *final act in the matter*." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 1000 (9th Cir. 2006) (emphasis added). Contrary to the parties' stipulation, jurisdiction does not revert automatically to this Court after it enters final judgment. Rather, a party seeking relief from this Court's order to dismiss must file the appropriate motion under Fed. R. Civ. P. 60, and must show good cause. Because the parties contemplate that this Court will act in the future, and do not contemplate an appropriate procedure to re-open this action, dismissal is inappropriate.

The parties are working toward resolution, and expect to resolve this action in its entirety on October 31, 2008. Accordingly, this Court:

1. GRANTS the parties' stipulated dismissal of Avtar Singh;
2. DENIES the parties' stipulated dismissal of Harvinder Singh and Gurjeet Kaur;
3. STAYS this action until October 31, 2008;
4. ORDERS the parties, no later than November 7, 2008, to file either: (1) dispositive papers or (2) a joint status report indicating agreed-upon trial and pre-trial dates;
5. VACATES the August 27, 2008 scheduling conference; and
6. DIRECTS the clerk of this Court to terminate Avtar Singh from this action.

IT IS SO ORDERED.

Dated:   **August 4, 2008**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE